**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Lopez Valenzuela,<br><br>           Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV-14-00381-PHX-PGR (BSB)<br><br>ORDER |

Having considered *de novo* the Report and Recommendation of Magistrate Judge Bade in light of petitioner's Lopez-Valenzuela Objection to Magistrate Judge Report and Recommendation (Doc. 15), the Court finds that the petitioner's objections should be overruled as meritless because the Court concludes that the Magistrate Judge correctly determined that the petitioner's habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, should be denied.

The Magistrate Judge concluded the petitioner had procedurally defaulted on his Ground One and portions of his Grounds Two, Three and Four, and that he had failed to establish any basis to overcome the procedural bars. In his Objection, the petitioner argues his procedural defaults are excused by his actual innocence. The Court, in the exercise of its discretion, has reviewed all of the petitioner's claims on

their merits notwithstanding the procedural default issues and concludes that all of the claims are plainly meritless.[1] *See* Reed v. Ross, 468 U.S. 1, 9 (1984) ("Our decisions have uniformly acknowledged that federal courts are empowered by 28 U.S.C. § 2254 to look beyond a state procedural forfeiture and entertain a state prisoner's contention that his constitutional rights have been violated.")

In Ground One, the petitioner argues that his Fourth Amendment rights were violated because a police detective fabricated the facts that established the probable cause for his arrest for the sale or transportation of dangerous drugs. The Court agrees with the Magistrate Judge that this claim is not cognizable on federal habeas review inasmuch as the petitioner has not established that the state court impeded him from developing his Fourth Amendment claim. *See* Moorman v. Schriro, 426 F.3d 1044, 1053 (9th Cir.2005)("If a state has provided a state prisoner an opportunity for full and fair litigation of his Fourth Amendment claim, [a federal court] cannot grant federal habeas relief on the Fourth Amendment issue.")

In Ground Two, the petitioner argues that his trial counsel was ineffective for stipulating to the admission of an English transcript of parts of a recording of a Spanish language conversation involving the petitioner, an undercover detective, and a co-conspirator involved in the drug deal.[2] The Court also agrees with the

---

[1] The Court in any case agrees with the Magistrate Judge that the petitioner has not shown any cause or prejudice for any of his procedural defaults, and that the petitioner has not shown that the failure to consider the merits of his claims would result in a fundamental miscarriage of justice because he has not met the high standard of Schlup v. Delo, 513 U.S. 298 (1995).

[2] The Court agrees with the Magistrate Judge that the petitioner's conclusory complaints in Ground Two about other allegedly improper stipulations entered into by his counsel are insufficient for habeas relief.

1 Magistrate Judge that this claim of ineffective assistance of counsel is meritless and that the state court's rejection of this claim was not based on an unreasonable determination of the facts, nor was it contrary to, or an unreasonable application of, Supreme Court precedent. The record establishes that the defense counsel's strategic decision to consent to the admission of the transcripts, a decision that the petitioner specifically concurred in on the record during the trial, was not objectively unreasonable because counsel stated on the record that he was stipulating to the partial transcripts to keep the jury from hearing the entire taped conversation. Furthermore, the petitioner cannot show any legally sufficient prejudice stemming from the admission of the transcripts given the other trial testimony in the record about the recorded conversation.

In Ground Three, the petitioner argues that his trial counsel was ineffective because he did not permit the petitioner to review the evidence and to listen to the taped conversations underlying the prosecution's case. The Court also agrees with the Magistrate Judge that this ineffective assistance claim is meritless because the petitioner has not established any legally sufficient prejudice inasmuch as he has not established how his defense would have been aided by him having reviewed the taped conversations or how there is a reasonable probability that the outcome of his trial would have been different had he reviewed the evidence. As noted by the Magistrate Judge, the petitioner testified at trial in his own defense and denied knowingly participating in the drug deal. The Court concludes that the petitioner has not shown that the state court's rejection of this ineffective assistance claim was based on an unreasonable determination of the facts, nor that it was contrary to, or an unreasonable application of, Supreme Court precedent.

In Ground Four, the petitioner argues in part that his trial counsel was

ineffective for failing to investigate and subpoena defense witnesses, *e.g.* the petitioner's co-conspirator, and for failing to obtain security camera tapes of the scene of the drug deal.[3] The Court further agrees with the Magistrate Judge that the petitioner has not established any ineffective assistance of counsel stemming from any deficiencies in his counsel's investigation because the petitioner's prejudice-related argument that the outcome of the trial probably would have been different had this evidence, the nature of which the petitioner does not specify, been introduced is predicated solely on speculation. Given the petitioner's conclusory allegations, the Court concludes that the state court's resolution of this aspect of the petitioner's ineffective assistance claim has not been shown to have been based on an unreasonable determination of the facts, nor has it been shown to have been contrary to, or based on an unreasonable application of, Supreme Court precedent. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 14) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall not issue and that the petitioner is not entitled to appeal *in forma pauperis* because the petitioner has not demonstrated that reasonable jurists would find the Court's determination that he has not made a substantial showing of the denial of a constitutional right to be debatable or wrong.

---

[3] Other aspects of Ground Four are reiterations of claims raised in the other grounds that the Court has already rejected.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 14th day of July, 2015.

Paul G. Rosenblatt
United States District Judge